UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TOBY MASSE, | ) |
| Petitioner, | ) CASE NO.   C06-746-JLR-MJB |
| v. | ) |
| T. LONG, | ) REPORT AND RECOMMENDATION |
| Respondent. | ) |

### INTRODUCTION

Petitioner has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. Respondent has filed a motion to dismiss, raising the statute of limitations as a bar to the court's consideration of petitioner's petition. Petitioner has filed a response to the motion. Having considered the motion to dismiss, the response, and the balance of the record, the Court concludes that the motion should be granted and petitioner's petition dismissed as untimely pursuant to 28 U.S.C. § 2244(d).

### PROCEDURAL HISTORY

Petitioner pled guilty in 2002 in King County Superior Court to ten counts of residential burglary. (Dkt. #12, Ex. 1). Based upon stipulated facts, including evidence that petitioner had committed over 70 felonies, the trial court imposed an exceptional sentence of 120 months in prison. (*Id*., Stipulated Facts at ¶ 3). Petitioner did not file a direct appeal.

In July 2004, petitioner filed his first post-conviction petition ("personal restraint petition or PRP") in Washington state court. (*Id*., Ex. 3). The PRP did not challenge petitioner's

conviction or sentence but rather challenged prison disciplinary hearings that had occurred in 2001, while petitioner was incarcerated for unrelated crimes. (*Id*. at 59-58). The Washington Court of Appeals dismissed the PRP. (*Id*., Ex. 5).

In May, 2005, petitioner filed his second PRP in state court. (*Id*., Ex. 7). The second PRP did challenge petitioner's conviction and sentence, but was also dismissed by the Washington Court of Appeals. (*Id*., Ex. 9). Petitioner filed a motion for discretionary review with the Washington Supreme Court, which denied the motion. (*Id*., Ex. 11).

Petitioner filed a third PRP on July 11, 2006. (Dkt. #12, Ex. 13). Similar to his first PRP, petitioner's third PRP does not challenge his conviction and sentence. The third PRP is apparently still pending in state court.

On May 3, 2006, petitioner signed the instant petition under 28 U.S.C. § 2254. (Dkt. #6 at 4). Accordingly, that is the date on which it is considered to have been filed. *See Houston v. Lack*, 487 U.S. 266, 270 (1988). On August 21, 2006, respondent filed a motion to dismiss, along with various exhibits from the state court record. (Dkt. #12). Petitioner filed a response to the motion on September 5, 2006, and the matter is now ready for review.

## DISCUSSION

In his § 2254 motion, petitioner raises a single ground for relief: "State's imposition of exceptional sentence was contrary to, and unreasonable application of, clearly established federal law under Apprendi." (Dkt. #6 at 3). However, the Court need not address the merits of this claim because petitioner's habeas petition is barred by the applicable statute of limitations.

Petitions filed pursuant to 28 U.S.C. § 2254 are governed by the one-year statute of limitations provided in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Under 28 U.S.C. § 2244(d)(1)(A), subject to certain exceptions which do not apply here, the statute of limitations begins to run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . ." 28 U.S.C. § 2244(d)(1).

REPORT AND RECOMMENDATION
PAGE 2

Petitioner's conviction became "final," for purposes of AEDPA's statute of limitations, 30 days after the final judgment was entered in his criminal case, or on October 10, 2002. *See Wixom v. Washington*, 264 F. 3d 894, 897 (9th Cir. 2001). Absent statutory or equitable tolling, the one-year statute of limitations under AEDPA accordingly expired on October 9, 2003.

Under AEDPA, the statute of limitations is tolled during the pendency of any "properly filed application for State post-conviction or other collateral review." 28 U.S.C. § 2244(d)(2). Petitioner's first PRP was filed on July 19, 2004, and was dismissed on October 5, 2004. (Dkt. #12, Ex. 5). Respondent argues, however, that this first PRP did not challenge petitioner's conviction or sentence, and therefore should not be considered to have tolled the statute of limitations. Petitioner's second PRP was filed on May 10, 2005 and was dismissed on September 9, 2005. (Dkt. #12, Ex. 11). Petitioner filed the instant § 2254 petition on May 3, 2006.

In light of these facts, the Court makes the following calculations: The statute of limitations ran from October 10, 2003 until at least July 19, 2004, the filing of petitioner's first PRP. This period equals approximately 640 days. Giving petitioner the benefit of the doubt and deeming the first PRP to have been "properly filed" even though it did not challenge his conviction or sentence, the statute of limitations was then tolled until October 5, 2004. It then began to run again until May 10, 2005, when petitioner filed his second PRP. This equals approximately 220 days. Finally, the statute began running again when the second PRP was dismissed on September 9, 2005, and ran until petitioner filed the instant habeas petition on May 3, 2006. This equals approximately 240 days. Totaling these three periods (640 + 220 + 240) produces a total of 1100 days, or well beyond the 365-day limit provided by AEDPA.

In his response to the motion to dismiss, petitioner argues that the statute did not begin to run until June 2004, when the Supreme Court issued its decision in *Blakely v. Washington*, 124 S. Ct. 2531 (2004). (Dkt. #14 at 3). *Blakely* invalidated the part of Washington's sentencing scheme that had permitted judges to impose exceptional sentences based on facts that were

REPORT AND RECOMMENDATION
PAGE 3

neither admitted by the defendant nor found by a jury.  Petitioner contends that until *Blakely* was decided, he had been barred from challenging his conviction by "an impediment . . . created by State action."  Under AEDPA, a State-created impediment delays the running of the statute of limitations until the impediment is removed.  *See* 28 U.S.C. § 2244(d)(1)(B).  Thus, petitioner argues that the lack of a decision in Washington announcing the same principle as *Blakely* constituted a "State-created impediment" to his filing a habeas petition.

Petitioner's argument fails for several reasons.  First, he cites no authority for the proposition that the absence of a judicial decision can constitute a State-created impediment.  Second, it appears that petitioner confuses the provision of AEDPA that refers to a "State-created impediment," with another provision of AEDPA, which states that the statute of limitations begins to run on the date that a new constitutional right is recognized and made retroactive by the Supreme Court.  *See* 28 U.S.C. § 2244(d)(1) (C).  However, the latter provision does not apply here because the Supreme Court has not made *Blakeley* retroactive, and the Ninth Circuit has held that *Blakely* does not apply retroactively to cases on collateral review.  *See Schardt v. Payne,* 414 F.3d 1025, 1036 (9th Cir. 2005).  Therefore, petitioner may not challenge his conviction based upon an alleged *Blakely* violation.[1]  Finally, it appears that even if the statute of limitations did not begin to run until June 2004, as petitioner argues, his habeas petition would still be untimely because it was filed almost two years later.

In addition, petitioner has not shown that extraordinary circumstances exist that would constitute grounds for equitable tolling to apply and delay the running of the statute of limitations.  *See Calderon v. U.S. District Court (Kelly)*, 163 F. 3d 530, 540-41 (9th Cir. 1998) (*en banc*).  Accordingly, because petitioner filed his habeas petition well after AEDPA's one-year statute of limitations had run, respondent's motion to dismiss should be granted.

---

[1] Moreover, even if *Blakely* did apply here, it appears that the trial court based petitioner's exceptional sentence on facts admitted by petitioner, which under *Blakely*, does not violate the Constitution.

REPORT AND RECOMMENDATION
PAGE 4

## CONCLUSION

For the foregoing reasons, petitioner's petition under 28 U.S.C. § 2254 is barred by the applicable statute of limitations and should be dismissed. A proposed Order is attached.

DATED this 21st day of September, 2006.

*/s/ M. Benton*
MONICA J. BENTON
United States Magistrate Judge